## No. 9851.

### J. M. SEIXAS, SYNDIC, VS. PATRICK KING, JR.

A court of this State vested with general equity powers, having jurisdiction of the *person* of a defendant, is competent to decree a conveyance by him of land in another State and to enforce the decree by process against him.

In an action by a syndic, based on charges of simulation and fraud, to annul transactions made by the insolvent, anterior and posterior to the *cessio bonorum*, the transferree (though the latter's wife) has an interest at stake and is a necessary party.

In the absence of such party, an exception of no cause of action filed, the defendant brought into court will not be considered.

A suit will not be dismissed for want of a necessary party, when it would serve no useful purpose to do so. The Court will remand.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot*, J.

---

*Bayne & Denègre* for Plaintiff and Appellant:

An insolvent, being about to make a surrender to his creditors, cannot make a transfer of property to his wife without consideration. Such transfer is absolutely null and void, both from the incapacity of the parties and because it is a mere simulation, C. C. 1784; 1 Ann. 301; 2 Ann. 484; 15 Ann. 491; 23 Ann. 442; 30 Ann, 225; 3 Martin, 695, 708; 38 Ann. 385.

If such a transfer could be operative, the property would still be community property and would be subject to debts due by the community under a surrender made by the husband to its creditors would pass to them.    C. C. 2402, sec. 1791, Revised Statutes; 2 La. 360; 33 Ann. 478; 34 Ann. 1029; 18 Howard, 159; 117 W. S. 208.

Property surrendered by an insolvent and accepted by the court for the benefit of creditors, passes under the control and jurisdiction of the court, and no adverse rights can be acquired from the insolvent in or upon said property after said cession and acceptance. 20 Howard, 594; 24 Howard, 450; 36 Ann. 75; 105 U. S, 72; 2 La, 360.

This is true of all of the property of the insolvent, whether real or personal, and whether situated within the State of Louisiana or any other State.    Cases cited.

The Civil District Court of the Parish of Orleans, the court which accepted the cession of property which has jurisdiction of all the parties, who are citizens of New Orleans, has jurisdiction to set aside alleged transfers of property made while it was under administration, and which had passed by the cession to the creditors of the insolvent.   20 How. 549; 36 Ann. 75.

The court has jurisdiction; all of the parties reside in New Orleans; the transactions between the parties were made here; the property claimed by the syndic had passed to him as the representative of the creditors of Carrière, and was under administration in the Civil District Court when the alleged transfer was made to defendant. 3 Ann. 295; 8 Marten, 134; 7 Marten, N. S. 409; 33 Ann. 1161; 12 Rob. 80; 3 Marten, N. S. 652; 4 Allen Rep. 550; 7 Allen Rep. 57.

Seixas, syndic, vs. King.

The courts of Louisiana are courts of equity as well as law, and exercise the usual powers of courts of equity. C. C. 21; 1 Ann. 139; 2 Ann. 87.

Mrs. Carrière, the wife of Emile Carrière, who made surrender of all of his property and the property of the community, and which property is now under administration of this court, is not a necessary party. The husband represented the community, and the syndic now represents it and its property.

*J. O. Nixon, Jr.,* for Defendant and Appellant:

1. A Louisiana State court has no jurisdiction to try and determine a cause where the question to be decided is as to the title to immovable property situated in another State. Mussina vs. Alling, 11 Ann. 568, particularly pp. 571, 572.

2. It has been held, where a money judgment can be rendered against a defendant, the court may inquire into the validity of the title to lands in other States, in order to know whether such judgment for money should be rendered or not. This is doubtfully and guardedly held in McDowell vs. Read, 3 Ann. 391. (See comments upon this case in Mussina vs. Alling. 11 Ann. 168, above cited.) But it has never been held that a Louisiana court can decide a cause where the sole issue is as to ownership of land in another State and where no money judgment is asked.

3. Where a suit is brought to annul title to immovable property as fraudulent or simulated, and there are intervening titles between that of the judgment debtor and that of the defendant, all of the intervening titles must be annulled before the plaintiff can recover; and all the holders of intervening titles must be made parties to a suit to annul.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The object of this suit is the annullment of apparent transfers of real estate situated in Mississippi, now in the possession of defendant who is domiciled in New Orleans.

The claim is based on charges of simulation and fraud.

It is claimed that Emile Carrière, a member of the firm of Carrière & Sons, did, on the 27th of June, 1884, transfer to his wife the property in question; that on the 18th of July following, he and his firm made a *cessio bonorum* and that subsequently, viz: on March 12, 1885, he and his wife transferred the real estate to the defendant King, by acts which are simulated, fraudulent and injurious.

Exceptions of *no cause of action, want of jurisdiction* and of *proper parties* having been sustained and the suit dismissed, plaintiff appealed.

I.

Of those exceptions, that to the jurisdiction, demands to be first considered, for it is only, on the assumption that the court is competent, that the other exceptions can be considered.

That defense rests on the fact that the property in question lies in the State of Mississippi. It is pressed that, as the court has no *extra territorial* jurisdiction, it is incompetent to pass upon the validity or invalidity of the title of defendant to the property.

It is an important feature of this case that the defendant is not a citizen of Mississippi, but of Louisiana, residing in New Orleans.

However true it may be that a State court cannot, in law or in equity, reach or control the title to lands or the possession of lands, situated within a different State, by any direct action or process against the land itself and cannot decree away the title thereto, or authorize a commissioner to convey the same; yet, it is settled that, if a court of general equity jurisdiction obtain jurisdiction of the *person* of the owner of such lands, in the course of an equity proceeding involving a proper case for coercion of the title by a direct action of the court, as in case of trust or fraud or even contract, if the lands were within its jurisdiction, then such court may compel a conveyance by order or decree acting directly on the person of such owner, and may enforce the same with all the powers incident to a court of chancery, in case of disobedience. Rorer on Inter-State Laws, p. 211, 2112; McElrath vs. P. & S. R. R. Co., 55 Penn. St., 189, and other authorities in note.

In the case of Muller vs. Dows, the U. S. Supreme Court, 94 U. S. 444 *et seq.*, has emphatically announced that it is undoubtedly a recognized doctrine that a court of equity, sitting in a State and having jurisdiction of the person, may decree a conveyance of land in another State and may enforce the decree by process against the defendant. True it cannot send its process into that other State, nor can it deliver possession of land in another jurisdiction, but it can command and enforce a transfer of the title. And there seems to be no reason why it cannot, in a proper case, effect the transfer by the agency of trustees, when they are the complainants.

The court referred approvingly to the ruling in the above mentioned case of McElrath, 55 Penn. St. 289.

The inconvenience which would result from the want of jurisdiction in such cases cannot be tolerated. Lyman vs. Lyman, 2 Paine C. C. 46; Wells on Jurisdiction, p. 112, No. 116.

When such a decree of a court of one State, compelling the conveyance of land situated in another State, comes in question in the courts of the State where the land is situated, it will be entitled to full faith and credit in these latter courts as to what be the real or true equities of the parties thereto, if jurisdiction was obtained of the defendant, by the court rendering the decree. Burnby vs. Stevenson, 24 Onio St. 474; Rorer on Interstate Laws., 212-13.

The ruling in Mussena vs. Alling, 11 Ann. 568, is not in an analogous case, and has no bearing here.

## II.

It is clear that this action has for its purpose to have this Court to declare that Mrs. Carrière has never acquired title to the real estate in

controversy, and that the transfer which she has ostensibly made of it to the defendant is a nullity; in other words, to strip her of all title to the property, and possibly to subject her thereby to some action by the defendant.

In suits to annul transfers of property, whether on account of simulation or fraud, or both, it is established that, as well the transferror as the transferree, are necessary parties.

Lawrence vs. Bowman, 6 R. 21. It is likewise settled that, to annul succession sales, all the vendees must be made parties. Hyde vs. Craddick, 10 R. 387.

Mrs. Carrière may have valid defenses to urge in order to be quieted in her title and protected against all actions of the defendant against her. She must therefore be made a party and be heard.

III.

In relation to the plea of no *cause of action*, we cannot now consider it in the absence of Mrs. Carrière.

Our abstention is based on the consideration that, if we were to give it attention and to overrule it, Mrs. Carrière would find herself in presence of a ruling not binding on her as an adjudication, and would have a right to set up the same defense, with possible success.

IV.

We therefore conclude that the exception to the jurisdiction is not well taken; that the exception to the want of proper parties is well founded, and that the exception of no cause of action is reserved for future consideration.

It would serve no useful purpose to dismiss the suit.

It is therefore ordered and decreed that the judgment appealed from be reversed; that the exception to the jurisdiction be overruled; that the exception for want of proper parties be sustained, so far only as to allow the plaintiff to amend and make Mrs. Carrière a party defendant; that the exception of no cause of action be reserved for future consideration; that this case be remanded to the lower court for further proceedings according to law, the costs of appeal to be paid by the defendant and appellee, those of the lower court to abide the final judgment in the case.