**O'SULLIVAN v. KNOP, Civil Sheriff, et al.**

**No. 17365.**

Court of Appeal of Louisiana. Orleans.

Oct. 21, 1940.

P. M. Milner, of New Orleans, for appellant.

Gill & Simon and Warren M. Simon, all of New Orleans, for appellees.

JANVIER, Judge.

This matter comes before us on rehearing. Our original decree ordered the suit dismissed because the American Bonding Company of Baltimore, which corporation we held to be a necessary party, had not been brought in either as a plaintiff jointly with O'Sullivan, or as a defendant.

In his application for rehearing plaintiff has urged us to recall our decree dismissing the suit and to substitute a decree remanding the matter in order that he, plaintiff, may be afforded an opportunity to bring the bonding company into the case.

A decree dismissing a suit because of the nonjoinder of a necessary party is, in effect, nothing more than a judgment of nonsuit. Therefore, a new suit may be instituted into which all necessary parties may be brought. Thus, an absolute dismissal would cause only unnecessary expense and delay.

Accordingly, we have concluded to recall the original decree and to substitute one remanding the case for the purpose mentioned. This is the course which has been followed by the Supreme Court in other cases.

In Williams Investment Company v. Mc-Williams, 174 La. 1053, 142 So. 611, 612, which involved just such a situation, the Supreme Court said: "But the remedy for failure to join a necessary party to a suit is not the abrupt dismissal of the suit, but only that plaintiff be required to make the necessary parties or in default thereof have his suit dismissed."

See, also, Gremaud v. Gremaud et al., 115 La. 79, 38 So. 901, and Seixas, Syndic, v. King, Jr., 39 La.Ann. 510, 2 So. 416.

As we stated in our original opinion, in addition to the plea of estoppel and to the exception of nonjoinder, there was filed in the court below an exception of no cause of action. This exception was not passed upon in the trial court, which dismissed the suit on the maintenance of the plea of estoppel. Since the exception of no cause of action has not been considered by the trial court, it should not properly be passed upon by us. Particularly should this rule be applied where a necessary party is not before us.

In Succession of Todd, 165 La. 453, 115 So. 653, 655, though the Supreme Court, on another ground, rendered a decree of absolute dismissal, it stated that, since a necessary party was not before it, it would refrain from considering an exception of no cause of action. The court said: "Since we have reached the foregoing conclusion, it is unnecessary for us to pass upon the exception of no cause of action * * *. In fact, in the absence of necessary parties, it is better that we should not do so, * * *".

Also, in Seixas v. King, supra [39 La. Ann. 510, 2 So. 418], the court remanded

the matter in order that the necessary parties might be made and refused to pass at that time upon the exception of no cause of action, ordering that "the exception of no cause of action be reserved for future consideration."

The same view was entertained by the court in Gordon v. Business Men's Racing Association, 140 La. 674, 73 So. 768, in which the court said: "This last exception, not having been passed on below, cannot be considered by this court."

It is true that the force of the statement contained in this last-cited case, Gordon v. Business Men's Racing Association, was somewhat destroyed by the effect of language used by the Supreme Court in Wilkinson v. Macheca, 158 La. 183, 103 So. 733, 739, in the opinion rendered on rehearing, in which that court said: "We were in error in our original opinion in not disposing of the pleas of estoppel and of no cause of action. The two pleas were tried and submitted in the lower court along with the plea of res judicata, and the fact that the trial judge rested his decision on the one plea and failed to pass on the others furnishes no sufficient reason for this court to limit its consideration to the particular plea passed on by the lower court, especially in view of the fact that appellee has joined in the appeal, and has asked the court to determine the pleas of estoppel, and of no cause of action in case the other plea is overruled."

But, in neither the Gordon case, nor the Wilkinson case, was the matter remanded in order that a necessary party might be made, and we can see a vast distinction between an appellate court passing upon exceptions which were not considered by the court below, when all necessary parties are before the appellate court, and such a court considering pleas which were not considered below, when the court finds it necessary to remand the matter in order that necessary parties may be made.

In any event, the law seems to be well settled that where, in order that necessary parties may be made, a remand is required, the appellate court should not pass on pleas which were not considered below, but should send the whole matter to the nisi prius court in order that all necessary parties may be heard when those pleas are considered.

It is therefore ordered, adjudged and decreed that our original decree be and it is recalled and annulled, and it is now ordered that defendant's exception of nonjoinder of necessary parties be maintained and that this suit be now remanded to the lower court in order that plaintiff may make American Bonding Company of Baltimore a party plaintiff or party defendant within ten days from the filing of this mandate in the lower court, or have his suit dismissed upon his failure to do so. Costs of this appeal to be borne by plaintiff-appellant, all other costs to await the final result.

Original decree recalled, annulled; case remanded to lower court.