WATKINS, Judge.
This is an action brought by Patrick C. Morrow and. Glenn Cortez as prospective vendors to obtain specific performance (payment of the purchase price) from Dr. H. David Hughes, prospective vendee, of a contract to sell land situated in Harrison County, Mississippi. All parties are domiciled in Louisiana, the action was brought in Livingston Parish, Louisiana, the parish of Dr. Hughes’ domicile, and the contract was signed in Louisiana. The trial court, apparently on its own motion, no exception to the jurisdiction of the trial court being found in the record, found it lacked jurisdiction of the subject matter, and dismissed the suit. We reverse and remand the case for further proceedings.
We might state at the outset that the briefs of both plaintiffs and defendant concern largely the merits of the case. We cannot decide the case upon the merits, as the judgment appealed from held the trial court is without jurisdiction and, further, no trial on the merits has yet taken place.
Plaintiffs allege that the contract to sell provided for a purchase price of $145,-000.00, of which $30,000.00 was tendered to plaintiffs on December 9, 1980, by check postdated January 15, 1981. The contract to sell is dated December 9, 1980. Defendant, Dr. Hughes, in his answer alleges that his signature to the contract to sell was fraudulently obtained, as he was led to believe by Glenn Cortez that he was signing an extension to an option earlier granted him by plaintiffs, rather than a contract to sell. However, the allegations of the parties are set forth purely for the sake of clarity, as any attempt to rule upon the merits of the matter would be premature.
The sole issue then, is whether a Louisiana court has jurisdiction to order specific performance by the vendee of a contract to sell entered into in Louisiana when the contract to sell concerns Mississippi real estate and both parties to the contract to sell are domiciled in Louisiana.
*111 We find no recent Louisiana cases on point. However, two Louisiana cases decided in the latter part of the 19th Century answer the question posed in the affirmative.
In Seixas v. King, 39 La.Ann. 510, 2 So. 416 (La.1887), plaintiff sued to set aside the transfer of real estate in Mississippi, alleging simulation and fraud. Defendant was a resident of New Orleans. The court recognized that although it could not “reach or control the title to lands” located in a different state, yet it could, if it could “obtain jurisdiction of the person of the owner of such lands, ... compel a conveyance by order or decree acting directly on the person of such owner....” Id., 39 La.Ann. at 512.
In the later 19th Century case, Robinson Mineral Spring Co. v. De Bautte, 50 La. Ann. 1281, 23 So. 865 (1898) a vendee of Mississippi land which the vendee purchased at public auction in New Orleans in the liquidation of a Mississippi corporation, the stockholders of which were Louisiana businessmen, refused to comply with the sale. On rehearing, the Louisiana Supreme Court cited Seixas favorably and stated as follows:
When a party domiciled in this state purchases in this state, from another, also in this state, property located in another state, he can be sued here, in the court of his domicile, which has jurisdiction to compel compliance by order or decree acting directly on the person of such purchaser, and held to pay the price which he contracted to pay. Seixas v. King, 39 La.Ann. 512, 2 South. 416; Hayden v. Yale, 45 La.Ann. 362, 12 South. 633. This is a suit for the price, with tender of title. The situs of the property does not affect the completeness of the contract of sale, nor the liability to pay the price therefor. The court has jurisdiction.
50 La.Ann. at 1288, 23 So. at 867.
The Code of Civil Procedure effected no change in the law we are citing.
The position taken by the Louisiana Supreme Court in these two cases is in accord with the position taken in other American jurisdictions, as is demonstrated by the following quotation from 81A Corpus Juris Secundum, Specific Performance, § 130b.:
Since the decree for specific performance operates or may be made to operate directly on the person of defendant, the relief may be had where the land, or other subject matter, is in another state or country, if defendant is properly subjected to the jurisdiction of the court. (Footnotes omitted).
We therefore hold that where a contract to sell real estate in another state is entered into in Louisiana by Louisiana domici-liaries, an action may be brought in Louisiana by the prospective vendor to obtain specific performance in the form of payment of the purchase price. Thus, as the plaintiff and defendant are Louisiana domi-ciliaries, the contract to sell was entered into in Louisiana, and plaintiff seeks specific performance in the form of payment of the purchase price, Louisiana courts have jurisdiction.
We reverse the judgment of trial court, reinstate plaintiffs’ suit, and remand the matter for further proceedings consistent with this opinion, including a trial on the merits. Assessment of costs is to await a final disposition of this case.
REVERSED AND REMANDED.