The opinion of the court was delivered by
Breaux, J.
This is a suit to recover two hundred dollars deposited by plaintiff as earnest of her promise to buy.
The plaintiff alleges that defendants’ title was not legal and valid; that the defendants have not made a tender of the title; that they are not the owners, and that there are mortgages and privileges recorded against the property.
*961 That, although unable to give good title, the defendants refuse to return the money deposited.
The answer controverts plaintiff’s demand, and contains a plea in reconvention; it sets out the validity of the title, and prays for judgment condemning plaintiff to take title and pay the fine or forfeit the earnest money.
In the written agreement, in compliance with which the deposit was made, the property is described. The plaintiff promised to buy, to buy, subject to an examination of title.
The following is the chain of title:
On the 13th of July, 1886, the property was adjudicated at tax sale, under Act 82 of 1884, to W. A. Piles for Widow Wm. Piles for thirty-three dollars.
The taxes at the time amounted to one hundred and one dollars and twenty cents. In the deed the purchaser assumed all the State, city, parish and municipal taxes on the property for the year 1880 and years subsequent.
On the 21st of August, 1890, the same property was sold by the tax collector, under Act 80 of 1886, to Miss Alice M. Stiekney, for the taxes of the years 1880 to 1883 inclusive, who also assumed taxes for years subsequent to that last mentioned. Miss Stiekney sold to J. H. Black, and in 1891 Black sold to the defendant, Mrs. O. B. Berges.
In the last act, the heirs present, of Mrs. Wm. Plies intervened and signed a quit claim to the property.
One of the heirs was an absentee, represented by an agent under a procuration acknowledged in New York before a notary, without witnesses.
A clerk of a court of record certified that the notary was duly authorized to receive the acknowledgement, was genuine.
The Secretary of State of New York issued the usual certificate, showing that the clerk was duly authorized to act.
But no witnesses having signed the procuration, under Louisiana laws it was an act sous seing prive.
Moreover, the procuration does not in terms refer to any property ; it does not authorize the agent to relinquish any right to the property or to ratify the tax deeds, which are part of the chain of titles.
The judgment of the District Oourt rejected defendant’s reconven *962 tional demand, and condemned him to return the two hundred dol - lars, earnest money.
The defendants prosecute this appeal. The appeal is before us only in so far as relates to the plea in reconvention. The amount of the principal demand is not within the jurisdiction of this court.
The tax deed, bearing date 13th July, 1886, when Mrs. Piles became the owner at tax sale, has every appearance of being regular and legal in all respects.
The required formalities have been complied with under Act 82 of 1884.
Subsequent to this date the property was, at another tax sale, adjudicated to Miss Stickney.
The adjudication at this last tax sale was illegal, and the title did did not pass from the owner under that adjudication. The tax collector declared in the deed of adjudication that the property had been previously adjudicated to the State of Louisiana for the taxes of 1880 and subsequent years.
The adjudication was not proved, save the ex parte declaration of the tax collector contained in his deed of adjudication. There is no legal evidence before us of any adjudication, whatever, to the State.
The defendant doubtless felt the necessity of curing the patent defect in the chain of titles, and for that reason obtained from the heirs of Mrs. Piles a quit claim signed by all the heirs, in due form, except one, as we have already stated.
It is unfortunate for the defendant that the power of attorney is not authentic, and that the signature of the principal was not proven on the trial of the case.
The document produced by the defendant was an act under private signature, and not admissible as authentic evidence to prove title.
The notary public before whom the acknowledgment was signed was vested with authority similar to that exercised by notaries in Louisiana.
The acknowledgment before a notary in this State would not have made it authentic, without witnesses, and the same must be true of an act acknowledged in another State to effect the title to real property here. Langley & Kinkcad vs. Burrows, 15 An. 392, 393; Miller vs. Wisner, 22 An. 457, 458.
The promise to transfer property for cash, under a title in every respect legal, was a condition not complied with by the defendant, *963 and it, in consequence, justifies the plaintiffs in praying that the written agreement of promise to buy be declared no longer of any effect.
The defendants’ reconventional demand is properly dismissed.
The judgment, is therefore, affirmed.