### No. 9240.
### Orleans Appeal.

---

STATE EX REL. MRS. SYLVIA SHERMAN, WIDOW N. D. BANGS, v. LA SALLE REALTY CO. ET AL.,

(February 16, 1925, Opinion and Decree.)
(March 16, 1925, Rehearing Refused.)
(April 29, 1925, Decree Supreme Court Writ of Certiorari and Review Refused.)

*(Syllabus by the Court.)*

1. **Louisiana Digest, Mandamus—Par. 23; Sales—Par. 330; Taxation—Par. 318, 320.**
Mandamus is the proper proceeding to cancel the inscription of a tax sale rescinded by redemption.

2. **Louisana Digest, Taxation—Par. 314, 319; Sales—Par. 91.**
The redemption of a tax sale should be made by authentic act if the party redeeming it requires it.

3. **Louisiana Digest, Taxation—Par. 314, 319; Sales—Par. 91.**
The party redeeming a tax sale has the right to select the notary when he requires an authentic act.

Appeal from Civil District Court, Hon. Porter Parker, Judge.

Relator prays for a mandamus ordering the defendants to erase the registry of a tax sale. Mandamus was made peremptory and defendant has appealed.

Judgment affirmed.

Prowell & McBride, attorneys for plaintif and appellee.

John R. Loomis, Theo. Cotonio, attorneys for defendant and appellant.

CLAIBORNE, J. Relator prays for a mandamus ordering the defendant to erase the registry of a tax sale.

She alleges that she is the owner of the property described in her petition, by a title which she exhibits; that the City of New Orleans sold said property for the taxes of 1921 to the defendant company by Act of P. D. Olivier, Notary, registered in the Conveyance Office in Book 350, p. 432; that on April 16, 1923, she paid the defendant $322.04 for the redemption of said property; that she has presented to the defendant a notarial Act of redemption which it refused to sign; that in consequence of said refusal she is unable to have cancelled from the books of the Conveyance Office the inscription of said sale. She prays for a mandamus commanding the defendant and the Register of Conveyance to cancel the inscription of said tax sale.

In answer to this simple petition the defendant filed a five-page closely written typewritten return containing twenty-nine reasons why the relief asked by relator should not be granted. It admits the tax sale to it, the payment of the redemption money, but alleges that it delivered to the relator a receipt for the money and an authorization to the Register of Conveyance to cancel the inscription, and that the law does not require it to furnish a notarial Act or authentic evidence of the redemption; that the relator presented to it an Act of redemption which it declined to sign for the reason that it contained extraneous matter.

The mandamus was made peremptory and defendant has appealed.

In the case of State ex rel. Busha vs. Register, 113 La. 93, 36 South. 900, the court decided that mandamus was the proper proceeding to cancel the inscription of a tax sale after it had been rescinded by a redemption.

The court also decided that "for the purpose of perpetuating the evidence of payment and the fact of redemption the payment should be made by notarial act." Botto vs. Berges, 47 La. Ann. 959, 17 South. 428.

We think this is good law and according to common practice. The Register of Conveyances testifies that redemptions of tax sales are usually made by authentic Acts.

If the defendant refused to sign the Act of redemption prepared by the plaintiff for reasons stated by him, it does not appear that he offered to sign the Act provided the objectionable parts were eliminated. Its attorney testifies that the cost of the Act of redemption was included in the statement he sent to the plaintiff, fixing the amount of redemption. "In cases where parties refuse to have the Act of redemption passed before me as Notary, we then issue this form. That is the invariable rule". This testimony shows that the attorney for the defendant himself contemplated an authentic Act for the redemption.

In the absence of agreement to the contrary a purchaser is entitled to select the notary to pass the Act of sale, because he pays him. C. C. 2466. For the same reason, a party redeeming a tax sale has the

right to select the notary when he requires an authentic act. Botto vs. Berges, 47 La. Ann. 959, 17 South. 428.

The judgment appealed from meets our approval and we therefore affirm it.