No. 11,271

Orleans .

MEADE v. VIGUERIE

(July 1, 1929.  Opinion and Decree.)
(October 21, 1929.  Rehearing Refused.)

Paul Maloney, of New Orleans, attorney for plaintiff, appellant.

Emile Pomes, of New Orleans, attorney for defendant, appellee.

JANVIER, J.  It is alleged that plaintiff, desiring to purchase a lot of ground, made an offer therefor in the sum of $550.  This offer was made to defendant as agent for the owner.  The petition then alleges that the offer was accepted by the wife of the owner and that thereupon 10 per cent of the purchase price, to-wit, $55, was deposited with defendant and that thereafter defendant informed plaintiff that the owner had never accepted the offer, was unwilling to ratify the acceptance by his wife and that the sale was not consummated.

Plaintiff further avers that the lot was really worth at least $800, $250 more than he had offered, and he asks for damages in this amount and also for the return of the $55 deposited.

An exception of no cause of action was sustained and the suit dismissed, and from this judgment plaintiff appeals.

Plaintiff is entitled to the return of his deposit if the facts are proven to be as alleged in the petition.  Of course, usually where a suit is brought against a real estate agent for the return of a deposit, both the prospective vendor and the agent must be made parties defendant.  Maloney vs. Aschaffenburg, 143 La. 528.  Here, however, if the allegations of the petition are

true, there was no prospective vendor. The offer was never accepted and the deposit should not have been accepted by the agent. It is therefore incumbent upon him to return it, if, as is alleged, he accepted it knowing that the owner had not accepted the offer.

Plaintiff, however, is not entitled to the damages claimed, as, in our opinion, he has sustained no loss. Since the owner was not willing to sell for $550, the only result of the agent's report to him that the offer was accepted was to give him the temporary satisfaction of believing that he could buy the property at his price. Since, at no time, was it within his power to buy it for that price, he at no time was or would have been able to resell it at a profit. He employed the agent to buy it for him and gave the agent a limit of $550. The agent could not buy it for this. Conceding the truth of each allegation on which this item of damage is based, plaintiff is not entitled to a recovery.

For these reasons, it is ordered, adjudged, and decreed that the judgment appealed from be and it is amended, and that the exception of no cause of action be sustained and the suit dismissed so far as the claim for damages is concerned, and that it be overruled so far as the claim for the return of the deposit is concerned, and that the matter be remanded for further proceedings not inconsistent with this opinion and decree.