ANDERSON ET AL. v. BLACHE ET AL.

(May 11, 1931.  Opinion and Decree.)
(May 25, 1931.  Rehearing Refused.)

Puneky & Barrios, Jas. J. Landry and Ernest J. Robin, of New Orleans, attorneys for plaintiffs, appellees.

Woodville & Woodville, of New Orleans, attorneys for defendants, appellants.

HIGGINS, J.  Plaintiffs, Martha Anderson, a prospective purchaser, and George J. Carrere, a real estate broker, bring this action against J. Henry Blache, also a real estate broker, the Union Indemnity Company, as surety on his bond, and Anthony Tusa, the owner of a certain piece of real estate, to recover the sum of $270 deposited by the first named petitioner through the second named petitioner as her agent with the defendant Blache, as real estate broker, and also the additional sum of 10 per cent of the amount sued upon from the Union Indemnity Company as attorney's fees, under section 1 of Act No. 225 of 1918.

The petition alleges that the contract to purchase the property was subject to a condition that Martha Anderson would be able to obtain a homestead loan of $2,100 within 90 days, that, notwithstanding repeated applications to obtain such a loan, she was unable to do so, and that the defendant owner, Tusa, was unwilling to transfer the property thereafter on account of having made extensive repairs to it.

The defendant Tusa denies that he received any portion of the deposit, and that

he had any further interest in the subject-matter and asserts that the contract contained a potestative condition and lapsed because of the 90-day clause.

Defendant Union Indemnity Company admittted that it signed the bond of Blache as a real estate broker, but denied liability, and, in effect, amended its answer; it being agreed by all parties that any judgment rendered against the defendant Blache and the Union Indemnity Company would likewise be rendered in favor of the Union Indemnity Company against Blache.

Defendant Blache filed an exception of vagueness, misjoinder, and nonjoinder of parties, and of no cause of action. The exception was overruled, and he then answered denying liability.

There was judgment in favor of Martha Anderson, plaintiff, as prayed for, and against the defendant Blache and the Union Indemnity Company, in solido, in the sum of $270, together with the additional sum of 10 per cent of the above amount as attorney's fees against the Union Indemnity Company; reserving to defendant, Blache, his right to file suit for any commission that might be due him; dismissing plaintiff's suit as against defendant Tusa; and, finally, rendering a decree in favor of the Union Indemnity Company against defendant Blache for the sum of $270 and 10 per cent additional as attorney's fees and all costs.

Defendant Blache alone has appealed.

Plaintiff Martha Anderson has answered the appeal and asked that the court grant an additional amount of 10 per cent as damages for frivolous appeal.

The record shows that Tusa was the owner of certain real estate in the city of New Orleans which the plaintiff Martha Anderson desired to purchase. On July 31, 1929, through George J. Carrere, real estate broker, she made a written offer to buy the property for the sum of $2,700; "this agreement being conditioned on a homestead loan of $2,100.00; it is agreed that loan is to be obtained within 90 days; if not this agreement terminates." Carrere, on the same day, called upon the defendant, Blache, also a real estate broker, and submitted a similar offer in writing, signing his name to this offer, as authorized by the purchaser.

On the following day Blache secured the signature of Tusa to the document accepting the offer signed by Carrere. Carrere then deposited with Blache, as real estate broker, the $270 cash which Martha Anderson had given him for that purpose. The agreement between Carrere, acting for the purchaser, and Tusa, was executed in triplicate; the carbons being given to Carrere and the original remaining in the records of Blache.

Martha Anderson and Carrere then attempted to obtain the necessary loan of $2,100 from several homesteads. Some of the homesteads declined to make the loan and one homestead offered to lend $1,800. Martha Anderson, Carrere, and Blache then tried to effect a second mortgage loan of $300 in order that she might comply with the contract, but they were unsuccessful. The 90-day period terminated without Martha Anderson being able to obtain the necessary loan to carry out the contract. Martha Anderson, Carrere and Tusa then considered the contract terminated, and the two first-named parties requested Blache to return the deposit. He, however, refused to do so.

Taking up the exceptions of misjoinder and nonjoinder of parties, we believe that this identical issue was decided adversely to defendant's contention in the case of Maloney v. Aschaffenburg; 143 La. 509, 78 So. 761. The exceptions were therefore properly overruled.

We believe the exceptions of vagueness and no right or cause of action are without merit, because the petition clearly states a cause of action based upon Blache's receipt, whereby he acknowledged receipt of the deposit, and the suit is simply for the return of the money.

Counsel for the defendant argued strenuously that the plaintiff should have founded her suit upon the contract signed by Carrere and Tusa and not upon the receipt and the original written offer by Martha Anderson to Carrere.

The offer signed by Carrere is in the identical language as the offer signed by Martha Anderson. Carrere signed his name as follows: "George J. Carrere, authorized by purchaser." The document also bears the statement that the commission of 4 per cent is to be divided with Carrere, allowing him 2 per cent. This certainly indicated on its very face that Carrere was not acting for himself, but acting as agent. The testimony further shows clearly that Blache at all times knew that Martha Anderson was the party that Carrere represented in the purchase of the property. This is not even a case of an undisclosed principal. Since Tusa, after the expiration of the 90 days, declared he had no further interest in the contract and as far as he was concerned that it was at an end, the only remaining matter with reference to the contract that had to be adjusted was the deposit. Blache admitted that he at all times had possession of this money, and therefore a suit based upon his receipt for the return of the deposit would not necessarily have to refer to the agreement between Tusa and Carrere, or be founded upon it. If Blache had any defense or reconventional demand which he thought he was entitled to, he could have very well presented any such defense or demand in this proceeding, for he knew that Carrere was acting as the agent for his principal, Martha Anderson. The mere fact that Carrere joined Martha Anderson as a co-plaintiff is immaterial, because the prayer of the petition requests that the money be returned to Martha Anderson; Carrere having admitted in the petition that the money belonged to her. Furthermore, the court below reserved to Blache the right to claim any commission that he may have earned as a result of the negotiations and agreement.

It is obvious that the contract terminated on account of the 90-day time limit. The contract was also clearly unenforceable because it contained a potestative condition. Under the circumstances, plaintiff is entitled to the return of her deposit. Monteleone v. Blache, 11 La. App. 99, 120 So. 900; Titus v. Cunningham, 7 La. App. 37; Decker v. Renaudin, 10 La. App. 725, 122 So. 600.

The request for damages for frivolous appeal is denied.

For the reasons assigned, the judgment appealed from is affirmed, at appellants' cost.