The judgment is affirmed, the succession to pay the costs of the appeal.

142 So. 611

## WILLIAMS INV. CO. et al. v. McWILLIAMS et ux.

No. 30896.

Feb. 1, 1932.

On Rehearing May 23, 1932.

Warren V. Miller and M'Caleb & M'Caleb, all of New Orleans, for appellants.

F. Rivers Richardson, of New Orleans, for appellees.

LAND, J.

Petitioners are the Williams Investment Company, a corporation domiciled in the city of New Orleans, La., and Frank R. Bishop,

William Troescher, Edward H. Pedeaux, Dr. Euclid J. Richard, and Hardy F. Mulligan, all residents of that city.

On March 1, 1926, petitioners entered into an agreement with each other, and with defendants, Rozell McWilliams, a real estate broker, and Mrs. C. B. McWilliams, his wife, residents of the city of New Orleans, to form a syndicate to purchase the property known as the Lyons property, situated in Hancock county, Miss., for the sum of $30,000, partly for cash and partly on credit.

Each of the petitioners deposited with Rozell McWilliams, in part payment of the purchase price, 10 per cent. of his subscription, amounting to the aggregate sum of $3,000, and the syndicate agreement called upon petitioners to accept title when "a good and merchantable title is ready."

Petitioners have sued McWilliams and his wife, in the civil district court for the parish of Orleans to cancel and annul the syndicate agreement, and to recover the amount deposited with McWilliams, real estate broker, on the ground that "a good and merchantable title" to the "Lyons property" was not furnished petitioners by its owner within a reasonable time, and that petitioners therefore are entitled to have the agreement canceled, and to have returned to them the 10 per cent. deposited by them with McWilliams, real estate broker.

Defendants resist payment of the $3,000 deposited with McWilliams by petitioners as part payment of purchase price, on the ground that "a good and merchantable title" was tendered petitioners by the owner within a reasonable time, and that defendants have the right to insist upon petitioners' accepting title, and paying the purchase price. Defendants also resisted payment of the deposit upon the further ground that McWilliams had authority, as a real estate broker, and mandatary of both parties, petitioners and the prospective seller, to obtain title, and that he had expended the amount of the deposit in purchasing the adverse claim of C. Greer Moore to a part of the property, thereby perfecting the title.

Judgment was rendered upon the merits in the lower court in favor of defendants, Rozell McWilliams and his wife, rejecting petitioners' demands at their cost.

From this judgment petitioners have appealed.

In our opinion, the plea to the jurisdiction of the civil district court is well founded and is sustained.

Judgment of lower court set aside, and plea to jurisdiction sustained, and plaintiffs' suit dismissed at their costs.

O'NIELL, C. J., and ROGERS, J., are of the opinion that the court had jurisdiction.

### On Rehearing.

ST. PAUL, J.

The pleadings and issues herein are fully set forth in our original opinion. As therein stated, judgment was rendered against plaintiffs on the merits, rejecting their demands, and they have appealed. The trial judge had overruled certain exceptions filed by the defendants, and they have answered the appeal praying that same be sustained.

### I.

We think we erred in sustaining defendants' plea to the jurisdiction, but we do not

think an absolute judgment for the defendants on the merits is justified by the record in its present state. The plaintiffs say in their brief, "McWilliams' defense that he was authorized to expend the $3,000 in perfecting the title [for the vendor] is nowhere shown in the evidence or borne out by the documents; and even on the stand he did not attempt to state that he had such authority, or that he so used the money; and certainly, had he so used it, the Coast Company [alleged vendor] would have given credit therefor in bringing the suits they did."

Plaintiffs are in error in supposing that the Coast Company has not given such credit (or attempted to do so) in its suit for specific performance. In that suit it claims only *the balance* of the agreed purchase price, and distinctly allege that plaintiffs have paid "$3,000 on account of the purchase price; which said sum is in the hands of R. McWilliams."

But the proof is meager and insufficient that said $3,000 was in fact paid out by McWilliams to perfect the title by purchasing an outstanding title to part of the land; and all but lacking that such use of the money was authorized by these plaintiffs.

Of course if McWilliams was authorized to use the money in that way and did so (as the district judge perhaps thought), that is an end of the matter so far as McWilliams is concerned; and plaintiffs must then look to their vendor for reimbursement if the title prove defective or if not tendered to them in a reasonable time.

■ On the other hand, if McWilliams was not authorized to use the deposit in that way, but merely to pay it to the vendor only if

and when a good and merchantable title was tendered, then the unauthorized use of the deposit in any other manner was done at his own sole risk and peril; and, if the title be still defective, or was not seasonably tendered, he stands towards these plaintiffs as if he still had the deposit on hand.

## II.

And since, as we have said, the proof in this record at this time does not justify a holding that McWilliams was authorized to use the deposit for the purpose of perfecting the vendor's title, we are now confronted with the fact that McWilliams holds the deposit in his hands subject to the conflicting claim of these plaintiffs for its return because (allegedly) they have not been tendered a merchantable title within a reasonable time, and the claim of the vendor that said deposit belongs to it as part payment of the purchase price.

And, moreover, this suit puts at issue the very controversy between these plaintiffs and the Coast Company whether the latter has tendered plaintiffs a good and merchantable title to the "Lyons property" and within a reasonable time, in which, of course, the Coast Company has a vital interest.

■ We are therefore of opinion that the Coast Company was a necessary party to these proceedings, and should have been made a party defendant. Maloney v. Aschaffenburg, 143 La. 509, 78 So. 761; Himel v. Fellman, 16 La. App. 347, 132 So. 532, 133 So. 451.

## III.

■■ But the remedy for failure to join a necessary party to a suit is not the abrupt dismissal of the suit, but only that plaintiff

be required to make the necessary parties or in default thereof have his suit dismissed. And accordingly this suit should not be dismissed, but remanded for that purpose.

### Decree.

The judgment appealed from is therefore reversed, and it is now ordered that defendants' exception of nonjoinder of necessary parties defendant be maintained, and that this suit be now remanded to the lower court in order that plaintiff may make the Coast Company, Incorporated, a party defendant within ten days from the filing of this mandate in the lower court, or have their suit dismissed upon their failure to do so; costs of this appeal to be paid by plaintiffs, and costs of the lower court to abide the final result.