**BOLIAN v. PORCHE et al. ***
No. 14613.

Court of Appeal of Louisiana. Orleans.
June 29, 1933.

*Rehearing denied October 16, 1933. Writ of certiorari denied November 27, 1933.

273

Carroll, McCall, Plough & Carroll, of New Orleans, for appellant.

Baldwin J. Allen, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit to annul a contract to purchase real estate and to have returned the amount paid on account of the purchase price.

Dr. George C. Bolian, the plaintiff herein, alleged that he entered into a contract to purchase certain improved real estate in the parish of Jefferson, known as 1502 Ellis parkway, from Arthur J. Porche, for the sum of $8,800; and that in compliance with the terms of the contract he deposited with J. Burrows Johnson, the real estate agent representing Porche, 10 per centum of the purchase price or $880, represented by $650 in cash and a promissory note for $230. In his petition Dr. Bolian set up a number of reasons which he relied upon as justifying the annullment of his contract, but, upon the trial of the case, all contentions were formally abandoned, except one to the effect that the property which he had agreed to purchase was subject to certain restrictions which might affect its alienation which had been imposed by an ancestor in title, the Guaranty Investment Company, the owner of the lot which plaintiff had bought and of a number of other lots at the time when the property, then known as Crestmont Park, had been originally subdivided into a residential section, and that plaintiff had not been informed and did not know of the restrictions affecting the title to the property. He also contends that these restrictions thus placed upon the property had been violated by Porche.

The defendant Porche claimed that Dr. Bolian had been advised of the restrictions on the property and denied that he had violated them and, assuming the character of plaintiff in reconvention, asked for specific performance of the contract together with certain damages.

The defendant J. Burrows Johnson adopted the defense of Porche so far as was relevant to establishing his right to the retention of a 5 per centum commission, or $440, and, as to the balance of the claim offered to make such disposition as the court might direct, consistent with the rights of his principal and codefendant, Arthur J. Porche.

There was judgment below in favor of plaintiff as prayed for and against defendant Porche dismissing his reconventional demand. J. Burrows Johnson alone has appealed.

We are satisfied from the evidence that the restrictions upon the property were unknown to Bolian when he executed the contract to purchase, which is silent on the subject. Counsel for defendant makes much of the fact that Dr. Bolian, when on the stand

testifying in his own behalf, expressed the opinion that restrictions of the kind complained of in this case were not objectionable to him, and that he thought they were a "good thing." This statement of Dr. Bolian must, however, be qualified by his other testimony to the effect that he objected to the restrictions in this case because of their effect upon his capacity to resell the property. But whatever indecision or uncertainty there may be about Dr. Bolian's testimony there can be no doubt of the fact that his legal position is that the restrictions were not made known to him at the time he signed the contract.

The restrictions in question are expressed in the following language: "The property shall be used for residential purposes. No house shall be constructed at a cost of less than $4,500.00, nor shall the elevation of any residence, or any part thereof, or any fence or partition between lots be constructed within 15 feet of the front property line. Not more than one residence shall be erected on any two lots nor shall any double cottage be constructed unless the outside appearance shall conform to that of a single house. No portion of this property shall be sold or leased to any person or persons but of the Caucasian race. These restrictions shall run with the land for a period of 50 years and may be renewed for an additional period of 50 years by the written consent of the majority of owners of lots in Crestmont Park Sub-division and shall be binding upon all parties occupying the hereinbefore described property and are hereby made conditions subsequent or resolutory. Any owner of lots in Crestmont Park shall have the right to enforce the observance of these restrictions against any person violating the same by any available legal action."

The agreement in which Dr. Bolian contracted for the purchase of the property must be held to have intended to convey to him the property in full ownership, the usus fructus and abusus and he cannot be compelled to accept anything less than that which he bought. The restrictions affecting the property in this case, which were not disclosed to plaintiff, unquestionably amount to a subdivision of the abusus because there is withheld from him the unrestricted right of alienation. He can only sell to those who are willing to buy upon the conditions named in the servitude. See, Queensborough Land Co. v. Cazeaux, 136 La. 724, 67 So. 641, L. R. A. 1916B, 1201, Ann. Cas. 1916D, 1248.

In our opinion this case cannot be distinguished in principle from Giacoma v. Yochim et al., 13 La. App. 94, 126 So. 84 and Hebert v. Succession of Vezoux, 12 La. App. 624, 126 So. 461, where we held that similar qualifications of title undisclosed to a proposed vendor voided a contract to purchase the property.

274

The question of whether the restrictions affecting the property had been violated by Porche by selling a portion of the rear of the two lots upon which the house is situated, thus enabling the homestead company to build on the property in contravention of the requirement that no more than one house shall be built on two lots is of no moment, because, in our opinion, the mere fact that the restrictions affecting the property are not mentioned in the agreement of sale and were not known to Dr. Bolian at the time he entered into the agreement is sufficient to entitle him to the relief which he seeks.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.