This is an action for the return of a deposit. The facts of the case are not seriously disputed and we find them to be as follows:
On February 3rd 1942, plaintiff addressed an offer to the defendant, who is engaged in the real estate business, to purchase two lots of ground situated in the city of New Orleans for the sum of $1,500, cash. This *Page 30 
offer was accepted by Peter F. Dunn, the owner of the lots, on February 5th 1942 and plaintiff, in accordance with the conditions set forth in his offer deposited with the defendant, as agent of the owner, the sum of $150 in cash. The offer provided that the act of sale was to be passed on or before April 18th 1942 and that, in the event plaintiff failed to comply with the agreement within the time specified, the owner would have the right either to declare the deposit forfeited or to demand specific performance. It was further provided that, in the event the owner failed to comply with the contract, then plaintiff would have the right either to demand the return of double the deposit or specific performance.
Shortly after the agreement was signed, plaintiff undertook to have the title to the land examined. This examination revealed that the lots had been sold to the city of New Orleans for non-payment of taxes and paving assessments. The amount due the city for these taxes and assessments aggregated $2,471.74, or a sum far in excess of the purchase price. After repeated attempts on the part of plaintiff to have Dunn redeem the land and tender a valid and merchantable title had failed, plaintiff requested that the defendant realtor return to him the deposit of $150. This demand was refused. Subsequently, Dunn, who had moved in the meantime to the State of Tennessee, executed a document (upon the suggestion of plaintiff's attorneys) in which he admitted that he was unable to convey a good title to plaintiff and, in consideration of plaintiff's waiver of his right to demand double the deposit, authorized the defendant to turn over the amount of the deposit to plaintiff. Upon receipt of this document, which was executed by Dunn on January 19th 1943 in the presence of two witnesses and duly acknowledged before a Notary Public in Tennessee, plaintiff made another demand upon the defendant for the return of the deposit. Upon defendant's refusal to accede to this request, plaintiff brought the present action.
In response to plaintiff's claim, defendant filed an exception of non-joinder of parties defendant, an exception of no right or cause of action and an answer in which he contends that he is entitled to withhold the sum of $75, which represents his earned commission. After a trial in the lower court on these issues, there was judgment in favor of plaintiff as prayed for. Defendant has appealed.
At the outset, we address our attention to defendant's exception of non-joinder of parties which was overruled by the trial judge. This exception is predicated on the theory that the suit is, in fact, one for the cancellation of a contract to purchase real estate; that defendant is merely a stakeholder of the deposit sought to be recovered and that, for his protection in the premises, the other party to the contract, Dunn, is not only a proper but an indispensable party. In support of this contention, defendant relies upon the decision of the Supreme Court in Maloney v. Aschaffenburg, 143 La. 509, 78 So. 761.
Counsel for plaintiff concede that it is firmly established in the jurisprudence of this state that, in cases of this type, the prospective vendor (or the purchaser as the case may be) is a necessary and indispensable party to the litigation. See Maloney v. Aschaffenburg, supra; Meade v. Viguerie, 11 La.App. 585, 123 So. 378; Himel v. Fellman, 16 La.App. 347, 132 So. 532, 133 So. 451; Anderson et al. v. Blache et al., 17 La.App. 14, 134 So. 416, and Williams Inv. Co. v. McWilliams, 174 La. 1053,142 So. 611. They maintain, however, that the situation in the instant case warrants a departure from the rule because Dunn, the prospective vendor, has admitted his inability to comply with the contract by written instrument and has authorized the defendant, as his agent, to deliver the deposit to plaintiff.
The difficulty we find with the argument advanced by plaintiff's counsel is that it overlooks the underlying reason which prompted the Supreme Court to hold in Maloney v. Aschaffenburg that the prospective vendor or purchaser (as the case may be) is a necessary party in controversies such as this. In that case, the prospective vendors of real estate brought suit against Aschaffenburg, the prospective purchaser, and Willard and Eiseman, a firm of real estate brokers, for the possession of a promissory note for $3,700 signed by Aschaffenburg and $500 in cash, which note and cash had been deposited by Aschaffenburg with the real estate brokers under an agreement made by him to buy plaintiff's property. Aschaffenburg filed an exception of no cause of action which was based on the ground that he had not been put in default. This exception was overruled and thereafter, on the trial of the case, evidence was introduced to prove not only that he was in default but that he had actively *Page 31 
breached the agreement. On appeal, the Supreme Court found, on first hearing, that the exception of no cause of action filed by Aschaffenburg was well taken and that the case should have been dismissed as to him on that exception. The court further held that the fact that Aschaffenburg should be eliminated from the proceeding on his exception of no cause of action did not preclude the plaintiffs from maintaining their demand against the realtors for the possession of the note and cash, which had been deposited with them by Aschaffenburg, because Aschaffenburg was not a necessary party to the proceeding. This holding was founded upon the premise that plaintiffs had proven on the trial of the case, by evidence which was admitted without objection, that Aschaffenburg was not only in default but that he was guilty of an active breach of the contract. However, the court reversed itself on rehearing and held that, since Aschaffenburg had been eliminated from the proceeding on an exception of no cause of action, plaintiff's suit could not stand as to the realtors because Aschaffenburg was a necessary party to the suit. The reasoning of the court, with respect to the indispensability of Aschaffenburg as a party defendant, was that the real estate agents became brokers after the agreement of sale was confected; that, thenceforth, they acted as mandataries of both parties and that, as such, they could not be compelled to comply with plaintiff's demand because any judgment rendered against them would not be binding upon Aschaffenburg, who was entitled to have his day in court to urge any claim that he might have to the deposit. The court observed [143 La. 509, 78 So. 76]:
"* * * where a person is the common agent of others, and is called upon to account, there should be but one proceeding, to which all those at interest should be made parties, and their rights determined in concurso. It follows that in a suit against the agents, Willard Eiseman, for an accounting, by plaintiffs one of the principals, Aschaffenburg, the other principal, is a necessary party."
In the case at bar, it is stressed that the rule laid down in Maloney v. Aschaffenburg is inapplicable for the simple reason that Dunn, the other principal to the contract, has conceded that he is in default and that, in case defendant should ever be sued by Dunn, he will be fully protected by the document executed by the latter. But this argument does not answer the question; it merely relates to the kind of evidence which will be afforded the defendant in case Dunn should file an action against him and not to defendant's absolute right to have the matter judicially settled in one proceeding. The judgment in plaintiff's favor is not binding against Dunn, and, if the latter should hereafter file an action (disclaiming fault on his part), defendant would be deprived of the right to plead res adjudicata.
The instant case presents many equitable features, in that it seems highly improbable to us that Dunn would ever recant from the solemn declarations contained in the document offered in evidence. Therefore, it is fairly certain that plaintiff is entitled to the relief he seeks. But these considerations do not authorize a departure from the established jurisprudence. The real estate broker is entitled to have the issue presented determined in one proceeding and to the protection of a final judgment by a court of competent jurisdiction.
Being of the view that the exception of non-joinder of parties defendant is well founded and that it should have been sustained by the trial judge, it is unnecessary for us to consider the other questions presented in the case. However, the maintenance of an exception of non-joinder does not require the abrupt dismissal of the suit but only that plaintiff be ordered to make the necessary parties or, in default thereof, have his suit dismissed. See Williams Inv. Co. v. McWilliams, supra. Accordingly, the case will be remanded to the trial court for that purpose.
For the reasons assigned, the judgment appealed from is reversed and the case is remanded to the First City Court of New Orleans in order that plaintiff may make Peter F. Dunn a party defendant within ten days from the filing of this mandate below, or have his suit dismissed upon his failure to do so. The costs of this appeal are to be paid by plaintiff, other costs to await final decision.
Reversed and remanded.
JANVIER, J., absent. *Page 32