This is a suit by a bidder at an auction sale against the auctioneer for the return of a deposit of $475, made by him at the time of the sale, to cover the auctioneer's fee. Plaintiff alleges in substance as follows: That he is a resident of Chicago, Illinois, and that the defendant is a resident of the city of New Orleans, Louisiana; that, on May 24, 1943, the defendant, who was the duly authorized agent and auctioneer for Realty Liquidation Company of Chicago, Illinois, was conducting an auction of certain real estate situated in the city of Chicago; that, during the course and conduct of this auction, the defendant offered to sell a certain parcel of real estate, known as No. 651 Melrose Street, owned by Realty Liquidation Company, subject to the final approval by said company of the highest bid and that said Realty Liquidation Company, acting *Page 368 
through one of its owners, advised a Mr. McDonald, who was crier and an employee of the defendant, that the highest bid offered on the property would not necessarily be accepted but would, as a matter of fact, have to be approved by Realty Liquidation Company on the following day; that, in conformity with these instructions, plaintiff made a bid of $47,500 for the property No. 651 Melrose Street, which was the last and highest bid at the auction, and, in accordance with the requirements of the auction sale, deposited with defendant the sum of $2,375, or 5% of the purchase price, together with an additional deposit of $475 to cover the auctioneer's fee of defendant, amounting to 1%; that, on the following day (May 25, 1943), Realty Liquidation Company declined to accept the bid of plaintiff and the sale was never confirmed; that, subsequently, said Realty Liquidation Company returned to plaintiff his deposit of $2,375 and advised him that he should apply to defendant for the deposit of $475, which was made by him to cover said defendant's fee; that he made demand of defendant, without avail, for the return of said $475 deposit and that, in view of these circumstances, he is entitled to have judicial recognition of his claim against defendant, as the $475 fee was not earned.
To this petition, defendant appeared and filed an exception of nonjoinder of parties defendant and an exception of no right or cause of action. The exception of nonjoinder is based upon the ground that Realty Liquidation Company is a necessary and indispensable party to the suit. The exception of no right or cause of action is founded upon the following theories:
1. That the receipt for the $475 deposit made part of plaintiff's petition is not signed by defendant individually but in his capacity as agent for Realty Liquidation Company.
2. That, since it is alleged that defendant was acting as agent of Realty Liquidation Company (a disclosed principal), plaintiff is without a direct cause of action against him.
3. That there is no allegation in plaintiff's petition that the defendant retained the auctioneer's fee of $475 in his possession.
4. That it appears from the booklet advertising the auction sale (which was offered in evidence on submission of the exceptions and considered as part of the pleadings) that Realty Liquidation Company had appointed Gerth's Realty Experts and George J. McKerr Co. as joint auctioneers for the sale of the property and that, consequently, suit should have been brought against said George J. McKerr Co. as well as against defendant, and
5. That there is no allegation in the petition that the defendant, Charles S. Gerth, is doing business individually under the name of "Gerth's Realty Experts."
After a hearing in the lower court on these exceptions, the exception of no right or cause of action was maintained and plaintiff's suit was dismissed. Hence this appeal.
[1] We give consideration first to the exception of nonjoinder filed by defendant. It is argued that this exception should have been maintained for the reason that plaintiff is not entitled to recover the commission paid to the auctioneer without an initial showing that the highest bid, which he made at the sale, did not ripen into an enforceable contract and that it is impossible for the court to decide this question unless Realty Liquidation Company, the seller, is joined as a party defendant. It is the well-settled jurisprudence of this state that, generally, a suit will not lie against an agent for the return of a deposit, which is made in conformity with the provisions of an agreement of sale, unless the prospective vendor or purchaser (as the case may be) is joined as a party defendant and that he is a necessary and indispensable party because the court cannot undertake to decide the issue in contest without first determining his right to a specific performance or to a cancellation of the agreement. See Maloney v. Aschaffenburg, 143 La. 509, 78 So. 761; Meade v. Viguerie, 11 La. App. 585, 123 So. 378; Himel v. Fellman, 16 La. App. 347, 132 So. 532, 133 So. 451; Anderson, et al. v. Blache, et al., 17 La. App. 14, 134 So. 416; Williams Inv. Co. v. McWilliams, 174 La. 1053, 142 So. 611 and Francis v. Blache, La. App., 17 So.2d 29.
[2] We do not believe that the rule established by the above-cited cases is applicable here — for, in all of those matters, the suits were against real estate brokers for the return of deposits made with them on account of the purchase price of the property under a sales contract. To grant the relief prayed for in such contests, it is obviously necessary for the court to order the cancellation of the agreement of sale. *Page 369 
This being so, it is indispensable that the other party to such agreement be joined as a defendant to the action. In fact, in the most recent case (see Francis v. Blache, supra), we found that the seller was a necessary party to the suit despite the fact that he had admitted his inability to comply with the contract and had authorized the defendant broker to deliver the deposit to the plaintiff. This conclusion was reached, however, on the theory that any judgment which might have been rendered against the real estate broker would not have protected him from a subsequent claim by the vendor, who was not joined, and that, in case such a suit would have been brought, he would be deprived of the right to plead res adjudicata.
The instant suit does not, in our view, fall in the foregoing category. The action is by a bidder against an auctioneer to compel the restoration by the latter of a sum deposited with him to cover his commission which was allegedly not earned because plaintiff's bid was subsequently rejected. The question to be decided does not require a cancellation of an existing agreement of sale inasmuch as, according to plaintiff's allegations, an agreement has never come into existence. Furthermore, unlike the above-cited cases, the prospective seller in this case has no interest whatever in the money which was paid in advance by plaintiff to defendant to cover the latter's commission and, consequently, it is neither a necessary nor proper party to the suit.
We therefore hold that the exception of nonjoinder of parties is not well taken and pass on to a discussion of defendant's exception of no cause of action.
[3] The first ground upon which the exception is founded is that defendant accepted the $475 deposit in his capacity as agent for the seller, a disclosed principal, and not for and on his own account. We find no merit in the contention for the reason that it is alleged, and the terms of the sale advertising the auction show, that it was the intention of the seller that successful bidders at the auction would be required not only to make a down payment of 5% of the amount of their bid but, in addition thereto, deposit an amount equal to one percent of the bid as the auctioneer's fee. Hence, despite the fact that the receipt for $475 is signed by the auctioneer as representative of the seller, it is clear that it was secured by him for his own account and that the seller had no interest whatever therein.
[4, 5] The next contention is that, since it is alleged that defendant was acting as agent of Realty Liquidation Company, a disclosed principal, plaintiff is without a direct cause of action against him and that plaintiff's sole redress is against his principal. This point is based upon the general rule that a person dealing with an agent for a disclosed principal acquires no rights against the agent personally and, unless the latter exceeds his authority, must look to the principal alone for redress. But this doctrine is without pertinence here. The principal in this case, in advertising the auction wherein it stated the terms and conditions of the sale, provided that it would not be responsible for the auctioneer's commission and stipulated, as a condition precedent to the acceptance of any bid, that the bidder deposit the amount of the commission with the auctioneer. Thus, the auctioneer looked not to his principal but to the bidder at the sale for the payment of his commission and, in the event the bidder failed to deposit with him a sufficient amount to cover such commission, the auctioneer unquestionably had the right to reject the bid. Hence, insofar as the payment of the commission was concerned, the auctioneer acted for and on behalf of himself and not for his principal.
[6] The next proposition advanced by defendant is that there is no allegation in plaintiff's petition that he retained the auctioneer's fee of $475 in his possession. We find no merit in this point. While it is true that there is no direct allegation that defendant kept the commission for his own account, the petition, taken as a whole and considered in connection with the stipulations governing the auction, conclusively shows that the plaintiff was obliged to deposit the commission with defendant to cover his fee and that he did so. If it be a fact that defendant did not retain the fee in his possession and that he turned it over to the seller, this matter can be urged as a defense on the merits of the case.
[7, 8] Defendant also submits that, since the booklet advertising the auction reveals that Realty Liquidation Company had appointed Gerth Realty Experts and George J. McKerr Co. as joint auctioneers for the sale of the property, suit should have *Page 370 
been brought against both auctioneers instead of the defendant alone. This point properly addresses itself to defendant's exception of nonjoinder of parties and not to the exception of no cause of action. Be that as it may, plaintiff alleges in his petition that the deposit was made with the defendant in payment of his fee and not to defendant and McKerr Co. as joint auctioneers. If it be true that McKerr Co. received or were entitled to part of the fee, this matter can be urged as a defense on the merits of the case.
[9] Defendant next maintains that, since the auction booklet shows that the sale was conducted by Gerth's Realty Experts, the petition does not state a cause of action against him individually because it is not alleged that he does business under the name of "Gerth's Realty Experts" and, for aught the court knows, Gerth's Realty Experts may be a corporation or a copartnership. This point obviously addresses itself to the merits of the case for the petition alleges that the defendant acted as auctioneer at the sale and that he received the deposit.
In addition to the foregoing, plaintiff has urged one other point in support of his exception — that is, that, in the booklet advertising the auction sale, it is provided that "Notice of acceptance or rejection of bid will be made within 90 minutes after the close of sale and payments made upon sales which fail of confirmation together with the auctioneer's fee will be returned forthwith" and that, since plaintiff alleges in his petition that his highest bid was not rejected by the seller until the following day, it is apparent that this rejection came too late.
[10, 11] This contention overlooks another provision contained in the auction booklet declaring "Right is reserved to withdraw any parcel from sale or add to, modify or vary these terms of sale at any time before the actual commencement of bidding" and the specific allegations of the petition that, prior to the commencement of the sale, one of the owners of Realty Liquidation Company advised an employee of the defendant, the auctioneer, that the highest bid offered on the property would not necessarily be accepted but would, as a matter of fact, have to be approved by the seller on the following day. Accordingly, it is clear from plaintiff's allegations (which must be admitted as true on a consideration of the exception) that the ninety minute limitation respecting acceptance of bids had been changed prior to the commencement of the sale and that the seller was within its rights in rejecting plaintiff's bid on the following day.
[12] The theory of plaintiff's case is that he is entitled to a return of the money which he paid to defendant as a commission because his bid was rejected by the seller. If the allegations of his petition showed on their face that the seller had no right to reject his bid, he would be without a cause of action because the commission would then be earned, despite his declaration to the effect that he acquiesced in the rejection of his bid by the seller on the day following the auction. But the averments of plaintiff's petition plainly preclude a resolution of this sort for the reason, as above stated, that the petition specifically states that the printed terms and conditions of the sale were altered and modified prior to the submission of the property for sale at the auction so as to grant to the seller the right to reject the highest bid on the following day.
For the reasons assigned, the judgment appealed from is reversed; the exceptions filed herein by the defendant are overruled and the case is remanded to the Civil District Court for the Parish of Orleans for further proceedings in accordance with law and consistent with the views herein expressed. Defendant is to pay the costs of this appeal; all other costs to await the final determination of the cause.
Reversed and remanded.