On May 2, 1945, Louis L. Meyer agreed in writing to purchase from Raymond D. Williams and his wife, Mrs. Ruth L. Williams, certain improved real estate in the parish of Jefferson, known as No. 8 San Carlos Avenue, for the sum of $5,800. In accordance with the terms of the contract, Meyer deposited with Philip C. Treadaway, the real estate agent representing the vendors, ten per centum of the purchase price, or $580.
Meyer was later advised by his attorney that the property was subject to certain restrictions which limited the owner's use of the property. Meyer was not satisfied to purchase the property because of the restrictions, and on May 12, 1945, caused a letter to be sent to Treadaway informing Treadaway of his unwillingness to complete the sale and demanding return of the $580 deposit. On June 13, 1945, Mr. and Mrs. Williams made a formal tender of title to Meyer, which tender was refused.
Raymond D. Williams and Mrs. Ruth L. Williams, as plaintiffs, then brought this suit against Louis L. Meyer, Philip C. Treadaway and W.P. Lally, as defendants, claiming that the $580 deposit made by Meyer with Treadaway is earnest money and was forfeited by virtue of Meyer's refusal to accept title to the property, and they prayed for a judgment for that amount against Meyer, plus the commission of the real estate brokers, notarial fees, attorneys' fees, etc. Plaintiffs also prayed for judgment against Treadaway and Lally for the amount of the deposit, less the commission due the brokers.
No answers to the suit were filed by Treadaway or Lally. Meyer defended the suit on the ground that he was justified in his refusal to carry out the agreement because of the restrictions bearing against the property, which he claims cast a cloud upon the title. Meyer then set forth a reconventional demand against Mr. and Mrs. Williams alleging that the sale was not consummated through the fault of plaintiffs, and he prayed for judgment on this reconventional demand against them for the sum of $1,160, being double the deposit. In a supplemental answer, Meyer also prayed for judgment against Mr. and Mrs. Williams for the amount of $300, the fee which he claimed he paid his attorney in connection with the transaction. Meyer also filed a petition of intervention against Treadaway praying for judgment against the latter for $580, the amount of the deposit. Treadaway answered the petition of intervention denying any indebtedness to Meyer.
The matter was tried on its merits, and the lower court rendered judgment in favor of Meyer against Raymond D. Williams and Mrs. Ruth L. Williams for $1,160, and also against Treadaway for the sum of $580. Meyer's claim for the $300, attorney's fee was dismissed.
From the above judgment Mr. and Mrs. Williams and Philip C. Treadaway have taken this appeal.
The plaintiffs and Philip C. Treadaway contend that at the time the agreement of sale was executed Meyer was informed by Raymond D. Williams that the property was subject to restrictions, and that Meyer understood the nature thereof and stated that it was his desire to acquire property in a restricted area and expressed himself satisfied that the property was so located. Meyer, on the other hand, denies that he was informed that the property was encumbered with restrictions and states that he did not learn thereof until some time afterward when he was so advised by his attorney.
The restrictions in question are 13 in number. We find it unnecessary to enumerate all of them, but some of the conditions imposed upon the property are: that the property shall be used for residential purposes only; that improvements on the property shall be set back for certain distances; that no businesses shall be conducted on the property; that the property may be used only by persons of the white race; that the improvements on the property shall cost not less than $2,500; that all *Page 601 
utilities requiring poles and wires shall be installed on the rear portion of the property; that no fences shall be permitted on the tract between the front of any building and the front property line; that the restrictions shall be binding and shall run with the land until January 1, 1970.
[1] We are satisfied from the evidence that the restrictions upon the property were unknown to Meyer when he executed his agreement to purchase. The agreement is silent on the subject and it must be assumed that Meyer contemplated that the property would be conveyed to him free of servitudes, and he cannot be compelled to accept anything less than that which he contracted to buy.
This court has held that similar restrictions in a title to real estate which were undisclosed to a proposed purchaser voided the contract to purchase. Couret v. Hopkins-Rhodes 
Co., 13 Orleans App. 161; Giacoma v. Yochim, 13 La. App. 94, 126 So. 84; Hebert v. Succession of Vezoux, 12 La. App. 624, 126 So. 461; Bolian v. Porche, La. App., 149 So. 272.
Counsel for Meyer argues that the sale was not consummated due to the fault of Mr. and Mrs. Williams, in that they did not disclose to Meyer that the property was encumbered by the restrictions, and claims that Meyer is entitled to recover from them double the amount of the deposit, or $1,160, under art. 2463, Civ. Code, which reads as follows: "But if the promise to sell has been made with the giving of earnest, each of the contracting parties is at liberty to recede from the promise; to wit: he who has given the earnest, by forfeiting it; and he who has received it, by returning the double."
[2] This article does not impose upon a vendor, who is unable to give a good title, the burden of returning double the deposit. It is only where a party voluntarily recedes from the promise without just cause that fie becomes subject to such liability. Puyoulet v. Gherke, Orleans No. 7132 of this court, Opinion Book No. 53 (unreported). See Louisiana and Southern Digests; O'Connor v. Rawlins, Orleans No. 8263 of this court, Opinion Book No. 59 (unreported). See Louisiana and Southern Digests.
The Supreme Court, in the case of Morgan Lindsey v. Ellis Variety Stores, 176 La. 198, 145 So. 514, 520, said:, "The giving of earnest money, as security for the carrying out of a promise to buy property, is like the posting of a forfeit, or liquidated damages, to be paid if the party promising to buy arbitrarily recedes from his promise; except that, in the giving of earnest money, each party to the contract is subject to the stipulated penalty if he arbitrarily recedes from the promise, or violates it. But the giving of earnest money to guarantee a promise to buy property does not subject the promisor to the penalty of forfeiture of the earnest money unless he violates his promise, or recedes from it arbitrarily, with the intention of forfeiting the earnest money, or without just cause for receding otherwise from his promise to buy."
[3, 4] It is our conclusion that Meyer is entitled to have the return of his deposit, and not the double thereof, and as it is conceded by all parties that W.P. Lally merely cooperated with Treadaway in the transaction and did not receive any part of the $580, the deposit should be refunded to Meyer by Philip C. Treadaway. And as Treadaway collected the deposit for the account of Mr. and Mrs. Williams, Meyer should have a solidary judgment against Treadaway and Mr. and Mrs. Williams for the amount of the deposit.
[5] Counsel contends that Meyer is entitled to recover from Mr. and Mrs. Williams the sum of $300 allegedly expended by him for the fees of his attorney for the examination of title to the property and for the prosecution of this suit. We are cognizant of no authority, and have not been directed to any, which supports the proposition contended for, and the lower court correctly disallowed such claim.
For the reasons assigned the judgment appealed from is amended so as to read as follows:
It is ordered, adjudged and decreed that Louis L. Meyer have judgment against Raymond D. Williams and Mrs. Ruth L. Williams, plaintiffs and appellants, dismissing their suit. *Page 602 
It is further ordered, adjudged and decreed that Louis L. Meyer have judgment against Philip C. Treadaway, Raymond D. Williams and Mrs. Ruth L. Williams, in solido, for the full sum of $580, with legal interest from judicial demand.
It is further ordered, adjudged and decreed that if the above judgment is not satisfied by Philip C. Treadaway that Raymond D. Williams and Mrs. Ruth L. Williams in turn have judgment against Philip C. Treadaway for whatever amount they may pay to Meyer in satisfaction of the judgment.
It is further ordered, adjudged and decreed that the claim of Louis L. Meyer for $300 asserted in his supplemental answer and reconventional demand be and the same is hereby dismissed.
All costs of the lower court are to be paid by appellants, Philip C. Treadaway, Raymond D. Williams and Mrs. Ruth L. Williams; the costs of this appeal to be paid by Louis L. Meyer.
And as so amended the judgment appealed from is affirmed.
Amended and affirmed.