FIERGET, Judge.
Plaintiff instituted suit against John E. Welles and Ponchatoula Beach Development Corporation for specific performance of a contract to purchase certain land located in the Parish of Tangipahoa. In his petition he alleged that the agreement for the sale of the property was contained in a written instrument dated July 11, 1958 which, by reference, was made part of the petition and on the trial of the case a copy of the contract was offered in evidence as Plff. #1, reading as follows:
“7 — 11
“Received of Eugene Allen $1,000.00 as partial payment on Lot 20, of a subdivision in Headright 43, Balance to bring total to $2,150.00 to be paid in approximately 90 days.
“s/ John E. Welles”
On the trial of the case it was stipulated that “7 — 11” referred to the date of the contract which was “7-11-1958” or July 11, 1958 and “Lot 20” referred to in the contract had reference to Lot Two (2).
In his petition plaintiff alleged that John E. Welles was authorized and acting as the agent of defendant Ponchatoula Beach Development Corporation and, in the alternative, alleged that John E. Welles is the true and sole owner of said property; that John E. Welles and/or his wife own all *650 of the stock of said Ponchatoula Beach Development Corporation; that he is personally bound for all obligations entered into by him individually or in the name of the corporation. In the prayer of his petition plaintiff seeks to have judgment against Ponchatoula Beach Development Corporation and/or John E. Welles ordering either or both of said defendants to specifically perform the obligations under the agreement of July 11, 1958 and further ordering either or both of said defendants to execute a formal act of sale to plaintiff of the property involved within the delay to be fixed by the Court and in the event of the failure on their part to so execute a formal act of sale that upon deposit of the balance due on the purchase price the plaintiff be recognized as the owner of the property. Interrogatories were addressed to defendant John E. Welles, among which was Number 5 reading as follows:
“Is it not a fact that when you, John E. Welles, were negotiating with Eugene F. Allen for the purchase of a lot you were acting as agent for Poncha-toula Beach Development Corporation? If not, in what capacity were you acting?”
Which he answered:
“I was acting as general manager of Ponchatoula Beach which is the main asset of Ponchatoula Beach Development Corporation. In said capacity I could recommend certain business transactions to the Board of Directors of the Ponchatoula Beach Development Corporation for their approval or disapproval. My official capacity was that of president of the Ponchatoula Beach Development Corporation.”
Exceptions of no cause or right of action were filed to the petition by both defendants. Subsequent thereto plaintiff filed an amending and supplemental petition alleging in the alternative that in the event the Court decreed that he was not entitled to specific performance of the contract sued on, on the part of either defendant, then that he was entitled to have the deposit of $1,000 delivered by the defendant as set forth in the contract decreed to be earnest money and that Ponchatoula Beach Development Corporation or, in the alternative, John E. Welles be ordered to pay plaintiff the sum of $2,000 plus interest from date of judicial demand and all costs of this suit.
Counsel for Ponchatoula Beach Development Corporation and John E. Welles filed exceptions of no cause or right of action to the supplemental petition.
On April 20, 1959 the Trial Judge signed a judgment entitled “Judgment on Exception and Amending Petition” reading as follows:
“ * * * IT IS ORDERED, ADJUDGED AND DECREED that the exception of no cause of action on demand for specific performance be and it is hereby sustained.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the amending petition claiming earnest money be and it is hereby allowed to be filed. * * * ”
No appeal was taken from this judgment.
Defendants answered and averred that the property which is the subject of the litigation had previously been owned by defendant John E. Welles individually but that on November 21, 1957 he had transferred the property to Ponchatoula Beach Development Corporation and further averred that at no time was the said John E. Welles specifically or impliedly authorized to enter into the agreement to sell on behalf of the said corporation. They further answered that a mutual error was made by plaintiff and defendants as to the lot which was to be transferred to plaintiff and that the signing of the contract having been founded upon a mutual mistake plaintiff’s suit should be dismissed at his cost.
*651 There is a stipulation in the record between counsel for plaintiff and defendants reading, in part, as follows:
“It is stipulated that the plaintiff has abandoned its claim for specific performance or damages against the defendant, Ponchatoula Beach Development Corporation. * * * ”
On September 7, 1960, for oral reasons assigned, the Trial Judge rendered judgment and on September 26, 1960 signed judgment thereon reading as follows:
“JUDGMENT
“This cause having been heard on March 28, 1960, and submitted for adjudication, and the Court being of opinion that the law and the evidence are in favor of the plaintiff and against the defendant, and in favor of defendant and against plaintiff to the extent hereinafter set forth- for the reasons this day orally assigned:
“IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Eugene F. Allen, and against defendant, John E. Welles, condemning said defendant to pay unto said plaintiff the sum of One Thousand and no/100 ($1,000.00) Dollars, representing amount of deposit given said defendant by said plaintiff, together with legal interest thereon from July 11, 1958, through September 27, 1958 and from date of this judgment until paid.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the demand of plaintiff, Eugene F. Allen, and against defendant, John E. Welles, for earnest money in the sum of One Thousand and no/100 ($1,000.-00) Dollars, be rejected and denied.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff, Eugene F. Allen, pay for all costs of this proceeding.
“JUDGMENT READ AND RENDERED in open Court, September 7th, 1960.
“JUDGMENT SIGNED in open Court, September 26th, 1960.
“(Sgd.) H. R. Reid Judge”
From which judgment plaintiff appealed devolutively to this Court.
LSA-CJvil Code, Art. 2463, reads as follows:
“But if the promise to sell has been made with the giving of earnest, each of the contracting parties is at liberty to recede from the promise; to wit: he who has given the earnest, by forfeiting it; and he who has received it, by returning the double.”
The issue to be resolved as ultimately narrowed down by the judgment on the exceptions and the stipulation of. counsel is the right of plaintiff to recover the sum of $1,000 deposited with defendant John E. Welles and in addition thereto the sum of $1,000 as earnest money because of the failure of defendant Welles to comply with the contract entered into by and between plaintiff and him, hereinabove quoted in full.
In interpreting Article 2463 of LSA-Civil Code, supra, the courts have held that it is not in every instance that the failure of a named vendor or named vendee in a contract of sale with deposit of earnest money gives rise to the imposition of the penalty set forth in the article upon the noncompliance, but such damages are recoverable only where one of the parties» to the contract voluntarily or arbitrarily recedes from his promise and, though being in a position to comply with the contract, deliberately forfeits the amount deposited if he be the purchaser or double the amount deposited if he be the vendor.
In the case of Williams v. Meyer, La. App., 29 So.2d 599, at page 601, the- Court of Appeal of Louisiana for Orleans saidt
*652 “This article does not impose upon a vendor, who is unable to give a good title, the burden of returning double the deposit. It is only where a party voluntarily recedes from the promise without just cause that he becomes subject to such liability. Puyoulet v. Gherke [Gehrke], Orleans No. 7132 of this court, Opinion Book No. 53 (unreported). See Louisiana and Southern Digests; O’Connor v. Rawlins, Orleans No. 8263 of this court, Opinion Book No. 59 (unreported). See Louisiana and Southern Digests.
“The Supreme Court, in the case of Morgan & Lindsey v. Ellis Variety Stores, 176 La. 198, 145 So. 514, 520, said: ‘The giving of earnest money, as security for the carrying out of a promise to buy property, is like the posting of a forfeit, or liquidated damages, to be paid if the party promising to buy arbitrarily recedes from his promise; except that, in the giving of earnest money, each party to the contract is subject to the stipulated penalty if he arbitrarily recedes from the promise, or violates it. But the giving of earnest money to guarantee a promise to buy property does not subject the promisor to the penalty of forfeiture of the earnest money unless he violates his promise, or recedes from it arbitrarily, with the intention of forfeiting the earnest money, or without just cause for receding otherwise from his promise to buy.’ ”
In the case of Botto v. Berges, 47 La. Ann. 959, 17 So. 428, where the plaintiff on her promise to purchase certain property from the defendant had deposited as earnest the sum of $200 and the defendant was unable to convey a valid title to the property which plaintiff had contracted to buy and defendant had contracted to sell, upon the failure of the defendant to comply with the contract for the reason that he was unable to give valid title to the property the court ordered the return of the deposit of $200.
In the case of Meade v. Viguerie, 11 La.App. 585, 123 So. 378, where the plaintiff was desirous of purchasing a lot of ground and had made an offer of a sum of $550 to the agent for the owner, which offer was accepted by the wife of the owner after which a deposit of ten per cent or $55 was deposited with the broker, subsequent to which the husband would not ratify the acceptance by his wife; refused to accept the offer and as a result the sale was not consummated, the Court of Appeal of Orleans held that plaintiff was entitled to recover only the sum deposited with the broker.
On July 11, 1958 defendant John E. Welles was not the owner of the property which he contracted to sell to Eugene F. Allen, plaintiff herein, nor was he the owner on the date of the trial of the case, it having been shown by the evidence that prior to the contract of July 11, 1958 between plaintiff and defendant, that is on November 21, 1957, defendant had conveyed the property involved to Ponchatoula Beach Development Corporation. Not being the owner, his refusal to comply with the contract cannot be categorized as arbitrary and therefore the provisions of LSA-Civil Code Article 2463 providing for the payment of earnest money are inapplicable.
Because of the views herein expressed it becomes unnecessary to give consideration to the issues concerning the alleged error of the parties as to the question of their agreement on the particular lot sold or agreed to be sold by defendant to plaintiff.
The Trial Court awarded plaintiff judgment in the sum of $1,000 with legal interest thereon from the date of the deposit by plaintiff with defendant, that is July 11, 1958, to September 27, 1958, the latter date being the date on which a letter was addressed to plaintiff by Welles and sent by certified mail purportedly containing a check for $1,000 making a refund of the deposit, which letter plaintiff refused to *653 accept when presented to him by the postman. This was not legal tender.
For these reasons the judgment is amended so as to award judgment in favor of plaintiff and against defendant John E. Welles for the sum of $1,000 together with legal interest from date of judicial demand until paid and all costs of court. In all other respects the judgment of the Trial Court is affirmed.
Amended and affirmed.